UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN DEVOTA HARRIS,

                            Plaintiff,

-against-

SARAH A. HARRIS, et al.,

                            Defendants.

19-CV-11658 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his rights.[1] By order dated January 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff initially filed this action in the United States District Court for the Eastern District of New York. On December 18, 2019, that court transferred this action to the Southern District of New York.

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff, a Brooklyn resident, filed this complaint regarding events that allegedly occurred in the office of an unidentified organization in Manhattan. He uses the Eastern District's civil rights complaint form and checks off boxes indicating that he brings this action against state or local officials under § 1983, and against federal officials under *Bivens*. Plaintiff sues Sarah Harris, identified as "Director"; Christopher Guradino, a police officer; Michael Hernandez, a

2

police officer; William Fields, who is listed with a badge number but is not identified; and "William", identified as "Director cases." (ECF No. 1, 2-3.)

Plaintiff claims theft of legal documents, a bank card, and monies; discrimination; "violation of contract"; false arrest, police misconduct; and denial of his right to freedom of speech. (*Id*. at 4.) He asserts the following as the facts underlying his claims, verbatim:

> On Weds Dec 4th 2019 Sarah A Harris gave false accusation word of mouth after interviewing Mr Harris violating Mr Harris Hipea rights of officers all involved theft Legale documentation stoleing Bank card stoleing funds stoling $1700 Debit From account. All defends lieable for discrimination race color mental health discrimination on Sept 17 Mr Harris was falsely arrested Dec 4, 2019 Ms Harris ordered Mr Harris to be subjected to targeting Mr Harris discrimination violation of contract.

(*Id*. at 5.) Plaintiff seeks monetary damages, and would like Defendants to be prosecuted and incarcerated.

## DISCUSSION

### A.  Defendants' Liability under § 1983 and *Bivens*

Plaintiff purportedly brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff may bring *Bivens* claims against a federal official to seek redress for a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]." ). But *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017).

1. Claims under *Bivens*

Although Plaintiff indicates that he brings this action against federal officials under *Bivens*, he does not name any federal official as a defendant or allege any facts suggesting that federal officials were involved in the alleged events giving rise to his claims. Because Plaintiff does not bring claims against any federal official, he fails to state a colorable claim under *Bivens*.

2. Police officers defendants

Plaintiff appears to name only two state actors as defendants – Police Officers Christopher Guradino and Michael Hernandez – and possible a third, if William Fields is a police officer. But he does not state what these defendants did or failed to do that violated his rights. To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Plaintiff has failed to state any claims for relief with respect to the police officers.

3. Defendant Harris and William

In addition, there is no indication in the complaint that the two remaining defendants – Sarah Harris and William – are state actors. The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations omitted). Generally, a private party who does not work for any state or other government body, would not be subject to liability under § 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). But "a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citation omitted). Plaintiff does not identify who Harris and William are or the

4

organization they work for. Nor does he allege any facts showing that they are state actors subject to liability under § 1983.

Because of the lack of sufficient facts in the complaint, the Court cannot definitively say that there is no set of facts on which Plaintiff may be able to proceed under § 1983 against the named defendants. The Court, therefore, grants Plaintiff leave to submit an amended complaint to state facts showing how the police officers were personally involved in the events giving rise to his claims. He must also allege facts showing that Harris and William either work for the State or other government, or engaged in concerted action with a state actor that would make them liable under § 1983. Plaintiff must state whether William Fields is a police officer, and if not, allege facts indicating that he should be considered a state actor.

**B.     Plaintiff's Claims**

    1.     False arrest

Plaintiff asserts that he was falsely arrested based on Defendant Harris's false accusation. He may be able to state a false arrest claim, but he does not provide sufficient facts for the Court to make that determination.

To state a § 1983 false arrest claim, a plaintiff must allege that the defendants deprived him of his Fourth Amendment rights by intentionally confining him without his consent and without justification.[2] *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). An arrest is privileged if it is based on probable cause. *Jenkins v. City of N.Y.*, 478 F.3d 76, 84 (2d Cir. 2007) ("The

---

[2] For the elements of a § 1983 false arrest claim, the Court first looks to state law. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State).

existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (internal quotation marks and citations omitted). "When information is received [by an officer] from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

In addition, a complainant – such as Defendant Harris – cannot be held liable on a false arrest claim merely for seeking police assistance or providing information, as the police are free to exercise their own judgment as to whether an arrest is warranted. *See Kraft v. City of New York*, 696 F. Supp. 2d 403, 42122 (S.D.N.Y. 2010); *Holley v. Cty. of Orange, New York*, 625 F. Supp. 2d 131, 142-43 (S.D.N.Y. 2009). "To hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information to the police." *King v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997); *see also Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000) ("The mere reporting of a crime to police and giving testimony are insufficient [to initiate prosecution]; it must be shown that [the] defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.") (citations omitted).

Here, Plaintiff asserts a false arrest claim, but he fails to plead enough factual detail to show that any violations occurred. He does not describe the circumstances of the arrest, such as what events gave rise to the arrest, what Defendant Harris allegedly did or said, or what charges were brought against him as a result of the arrest. In addition, even if Defendant Harris provided false information to the police, Plaintiff does not allege any facts indicating that the police failed to conduct an independent evaluation of the circumstances leading to his arrest, or that the police lacked probable cause to arrest him. It is not enough to declare that the defendants falsely

arrested him, he must allege facts indicating that the defendants lacked probable cause to arrest and detain him.

In light of Plaintiff's *pro se* status, however, the Court grants him leave to assert in his amended complaint any facts to support his false arrest claim. Plaintiff must describe the circumstances of his arrest and state what Defendant Harris and the police officers did or said. Plaintiff should allege facts indicating that Defendant Harris took an active role in his arrest, such as importuning the police to act with the intent to confine Plaintiff. Further, Plaintiff should also allege any facts suggesting that the police failed to exercise their independent judgment and that there was no probable cause to arrest him.

2. Discrimination, police misconduct, and violation of freedom of speech

Plaintiff also allege that he was subjected to discrimination and police misconduct and that his freedom of speech was impeded. But these assertions are vague, without any facts to support them. Although Plaintiff asserts that Defendants are liable for discrimination based on his race and mental health (ECF No. 1, 5), he does not allege any facts suggesting a discrimination claim. Plaintiff does not allege that any defendants treated him differently from other similarly situated individuals or that any such treatment was based on an immutable characteristic – such as his race or disability – or any other improper factor. Similarly, Plaintiff fails to allege any facts in support of his claims that he was subjected to police misconduct and that his freedom of speech was hindered.

Should Plaintiff choose to submit an amended complaint, the Court grants him leave to detail his discrimination, police misconduct, and freedom of speech claims. He must allege any facts suggesting that the defendants discriminated against him by treating him differently because of a protected characteristic; that the police acted unlawfully; and that he was denied his

right to freedom of speech. Plaintiff must also allege facts showing how each defendants was involved in the alleged violations.

   3.   HIPAA

Plaintiff asserts that Defendant Harris violated his "Hipea rights." That statement could be read as asserting that Defendant Harris violated his right to privacy under the Health Insurance Portability and Accountability Act (HIPAA). HIPAA generally provides for the confidentiality of individually identifiable health information, *see* 42 U.S.C. §§ 1320d-1 to d-7, and it authorizes the Secretary of Health and Human Services to make final regulations and bring enforcement actions. *See* 42 U.S.C. § 300gg-22. HIPAA permits health care providers and other covered entities to disclose protected health information without patient consent in certain situations, such as in response to a court order. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(i), (ii).

The Second Circuit has noted that "[i]t is doubtful that HIPAA provides a private cause of action," *Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015), and district courts in this circuit have uniformly held that it does not, *see, e.g., Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that "HIPAA does not provide for either an express or implied private right of action."); *Mele v. Hill Health Ctr.,* 609 F. Supp. 2d 248, 255 (D. Conn. 2009) (holding that individuals cannot sue to enforce HIPAA or seek damages caused by such disclosures).

Plaintiff's allegations are insufficient to show a violation of HIPAA, and even if he could allege such a violation, HIPAA does not provide a private cause of action allowing an individual suit. To the extent Plaintiff may be asserting a HIPAA claim, the Court dismisses it for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

8

4. Private prosecution

The Court also denies Plaintiff's requests for Defendants' prosecution and incarceration. A private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of the defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

C. **Remaining Claims**

Plaintiff's remaining contract and theft claims sound in state law. The federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see Lastra v. Barnes and Noble Bookstore*, ECF 1:11-CV-2173, 35, 2012 WL 12876, at *8 (S.D.N.Y. Jan. 3, 2012). Section 1367(c) "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise," *City of Chicago v. Int' l Coll. of Surgeons*, 522 U.S. 156, 173 (1997), and it includes a provision stating that a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because it is not clear whether Plaintiff can state any federal claims, the Court reserves judgment on whether to exercise its supplemental jurisdiction over potential state law claims.

# LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims as described above. Should Plaintiff choose to file an amended complaint, the Court strongly encourages him to ask for assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of a flyer with details of the clinic is attached to this order.

In the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff is also directed to provide the addresses for any named defendants.

To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11658 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 9, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____
_____
_____
_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name          Middle Initial          Last Name

_____
Street Address

_____
County, City                    State                    Zip Code

_____
Telephone Number                Email Address (if available)

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
　　　　　　　First Name　　　　　　　　Last Name

　　　　　　　_____
　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____
　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____
　　　　　　　County, City　　　　　　　State　　　　　Zip Code

Defendant 2: _____
　　　　　　　First Name　　　　　　　　Last Name

　　　　　　　_____
　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____
　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____
　　　　　　　County, City　　　　　　　State　　　　　Zip Code

Defendant 3: _____
　　　　　　　First Name　　　　　　　　Last Name

　　　　　　　_____
　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____
　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____
　　　　　　　County, City　　　　　　　State　　　　　Zip Code

Defendant 4: _____
              First Name              Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City            State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.